Five Star Elec. Corp. v Trustees of Columbia Univ. (2025 NY Slip Op 02872)

Five Star Elec. Corp. v Trustees of Columbia Univ.

2025 NY Slip Op 02872

Decided on May 13, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 13, 2025

Before: Renwick, P.J., Kern, Gesmer, O'Neill Levy, JJ. 

Index No. 655947/18|Appeal No. 4339|Case No. 2024-06663|

[*1]Five Star Electric Corp., Plaintiff-Appellant,
v
The Trustees of Columbia University et al., Defendants-Respondents, John Doe Nos. 1-10 et al., Defendants.

Kaufman Dolowich LLP, Woodbury (Andrew L. Richards of counsel), for appellant.
Zetlin & De Chiara LLP, New York (James J. Terry of counsel), for The Trustees of Columbia University, respondent.
Milber Makris Plousadis & Seiden, LLP, Woodbury (Daniel T. Wright of counsel), for Lend Lease (US) Construction LMB, Inc., respondent.

Order, Supreme Court, New York County (Joel M. Cohen, J.), entered October 1, 2024, which granted the motion of defendants the Trustees of Columbia University and Lend Lease (US) Construction LMB, Inc. formerly known as Bovis Lend Lease LMB, Inc. to strike plaintiff's complaint in accordance with CPLR 3126, unanimously affirmed, without costs.
We give "substantial deference" to the motion court's "considerable discretion" to impose penalties pursuant to CPLR 3126, and "absent clear abuse," will not disturb such a penalty (Arts4All, Ltd. v Hancock, 54 AD3d 286 [1st Dept 2008], affd 12 NY3d 846 [2009], affd 13 NY3d 812 [2009]). Here, Supreme Court providently exercised its discretion in striking plaintiff's complaint (see e.g. Williams v Shiva Ambulette Serv. Inc., 102 AD3d 598, 599 [1st Dept 2013]). The record shows that plaintiff exhibited a pattern of delay in responding to discovery, in that it not only failed to respond to interrogatory demands in June and April 2020, but also ignored the court's order directing a response to the interrogatories within 30 days. Plaintiff ultimately provided responses on August 10, 2021, but the court deemed those responses insufficient and required a supplement. Three years later in 2024, plaintiff attached to its motion papers opposing the motion underlying this appeal supplemental responses to the interrogatories propounded by defendant Lend Lease (US) Construction. However, plaintiff did not submit supplemental responses to defendant Columbia University's interrogatories. This pattern of years-long delay demonstrated that plaintiff's noncompliance was willful and contumacious (see Henderson-Jones v City of New York, 87 AD3d 498, 504 [1st Dept 2011]; see also Harris v Kay, 168 AD3d 419, 419 [1st Dept 2019], lv denied 33 NY3d 903 [2019]).
We have considered and rejected plaintiff's remaining claims.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 13, 2025